JOHN H. JANOS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Janos v. Commissioner
Docket No. 8429-86.
United States Tax Court
T.C. Memo 1988-302; 1988 Tax Ct. Memo LEXIS 328; 55 T.C.M. (CCH) 1272; T.C.M. (RIA) 88302; July 20, 1988. James A. Guyette, for the petitioner. Joseph R. Peters, for the respondent. KORNER
MEMORANDUM FINDINGS OF FACT AND OPINION KORNER, Judge: Respondent determined a deficiency in petitioner's 1982 Federal income tax and additions to tax as follows: Additions to Tax
Deficiency
Sec. 6653(a)(1) [1]
Sec. 6653(a)(2)
Sec. 6661
$ 118,503
$ 5,925
*
$ 11,850
The issues for decision are: (1) the amount of unreported income petitioner received in 1982 from his participation in *329 the sale of stolen gemstones; (2) whether petitioner's failure to report the income was due to negligence within the meaning of section 6653(a); and (3) whether petitioner is liable for the addition to tax provided by section 6661. FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation of facts and exhibits attached hereto are incorporated herein by this reference. Petitioner resided in Glendale, Wisconsin, when he filed his petition herein. He filed an individual Federal income tax return for 1982 on which he reported $ 6,145.87 of income. During 1982, petitioner operated a coin shop through which he bought and sold precious metals and coins. In early August of 1982, a customer who identified himself as "T. P." asked if petitioner would be interested in purchasing a large quantity of diamonds. Petitioner said he would be willing to look at them and make the customer an offer. About a week later petitioner heard that a local jewelry store had been robbed. Shortly thereafter, T. P. visited petitioner and arranged to bring petitioner some gems to see. After T. P. left, petitioner phoned an acquaintance, Charles Benedon, who was knowledgeable *330 about gems. Benedon agreed to meet with petitioner and T. P. Petitioner and Benedon met with T. P. twice and purchased two groups of gemstones from him. The gemstones were from the local store which had recently been robbed. Benedon supplied the cash and cocaine that was used to make the purchases, and petitioner made the exchanges with T. P. Although petitioner and Benedon attempted to resell one of the groups of gemstones in New York City, they were unsuccessful. Benedon and petitioner agreed that Benedon would keep the gemstones and Benedon paid petitioner $ 4,300 in 1982 for his involvement in the transactions. T. P. later sold petitioner a group of diamonds for $ 3,000. Petitioner resold the diamonds in 1982 to a local jeweler for $ 4,000. Petitioner failed to report either the $ 4,300 he was paid by Benedon or the $ 1,000 profit he made from the resale of the diamonds on his 1982 Federal income tax return. T. P. was arrested and informed the authorities that petitioner had purchased stolen property from him. Petitioner was then arrested on November 26, 1982. Following his arrest, petitioner agreed to plead guilty to one count of interstate transportation of stolen *331 gemstones with a commercial value in excess of $ 250,000 and to cooperate with the authorities in their investigation and prosecution of other matters. In return, the prosecutors agreed to recommend that petitioner be sentenced to probation. Based on petitioner's guilty plea, respondent determined that petitioner had received $ 250,000 of unreported income. Respondent determined further that petitioner's failure to report that income was due to negligence within the meaning of section 6653(a), and that petitioner's failure to report that income resulted in a substantial understatement of his Federal income tax liability within the meaning of section 6661. OPINION The first issue for decision is the amount of unreported income petitioner received in 1982 from his participation in the sale of stolen gemstones. Petitioner has the burden of proving that he received less unreported income than respondent determined in his notice of deficiency. ; Rule 142(a). Based on the evidence presented, we hold that he has carried his burden. Petitioner testified that he received only $ 5,300 from his illegal activities in 1982: *332 $ 4,300 that he was paid by Benedon, and $ 1,000 profit that he earned when he purchased and resold a group of diamonds. We found his testimony to be clear, straightforward, and credible. We consider it significant that his testimony at trial that he was paid $ 4,300 by Benedon and earned $ 1,000 profit when he resold diamonds agreed with statements he had made to Federal investigators over five years earlier. Cf. and accompanying text. On December 16, 1982, shortly after his arrest, he told Federal investigators that he had been paid $ 4,300 by Benedon and had earned $ 1,000 profit from the resale of diamonds. Those statements were made when it was in his interest to be truthful and cooperative in order to obtain lenient treatment, and when he had more pressing concerns than his civil tax liability. There is absolutely no evidence in the record that he earned more than $ 5,300. [2] We accordingly hold that petitioner has proven that he earned only $ 5,300 of unreported income in 1982. *333 The next issue for decision is whether petitioner is liable for the additions to tax for negligence provided by section 6653(a)(1)(2). Petitioner bears the burden of proving that the additions determined by respondent in his notice of deficiency do not apply. , affg. per curiam , cert. denied ; . Negligence under section 6653(a) is defined as lack of due care or failure to do what a reasonable and ordinarily prudent person would do under the circumstances. . Petitioner admitted at trial that he failed to report the $ 5,300 of income from his criminal activity because "I just didn't think it made logical sense to put something like that on my tax return." He did not address the negligence additions on brief other than to state that they should be recalculated based on $ 5,300 of unreported income rather than the $ 250,000 of unreported income determined by respondent. In these circumstances, we conclude that petitioner *334 has conceded the applicability of the additions under sections 6653(a)(1) and (2). See , affd. without published opinion . The final issue for decision is whether petitioner is liable for the addition to tax provided by section 6661. The addition to tax provided by section 6661 applies only if there is a substantial understatement of Federal income tax for a taxable year. Sec. 6661(a). For purposes of the addition, an understatement on an individual's return is substantial only if it exceeds the greater of (1) 10 percent of the tax required to be shown on the return for the taxable year, or (2) $ 5,000. Sec. 6661(b)(1)(A). Based on our holding that petitioner earned only $ 5,300 of unreported income in 1982, it is apparent that the understatement of his Federal income tax for 1982 is less that $ 5,000. We accordingly hold that the addition of tax provided by section 6661 does not apply. To reflect the foregoing, Decision will be entered under Rule 155.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as in effect in the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, except as otherwise noted. ↩
*. 50 percent of the interest due on an underpayment of $ 118,503. ↩
2. We recognize that petitioner admitted as part of his plea agreement that he transported gemstones with a commercial value in excess of $ 250,000. Transporting↩ stones with that value is not, however, the equivalent of earning that much income.